UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL-ANN THOMAS/SMITH,

                Plaintiff,

-against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK INC.,

                Defendant.

25-CV-3687 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff, proceeding *pro se,* invokes the court's federal question jurisdiction, alleging that Defendant Consolidated Edison, Inc. ("Con Edison") violated her federal constitutional right to due process and her rights under state law when it turned off her power due to non-payment.[1] Along with the complaint, Plaintiff has filed an unsigned order to show cause requesting preliminary injunctive relief.

      To obtain preliminary injunctive relief, a plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

---

[1] Because Plaintiff's original application to proceed *in forma pauperis* ("IFP") did not include sufficient information for court to determine whether she was unable to pay the filing fees, by order dated May 5, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to either pay the filing fees or file an amended IFP application. Plaintiff filed an amended IFP application on May 9, 2025, and by order dated May 13, 2025, Chief Judge Swain granted her IFP application.

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Plaintiff does not allege facts demonstrating that the Court has subject matter jurisdiction of her claims. Her federal constitutional claims arise under 42 U.S.C. § 1983. Private parties are not generally liable under Section 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendant Con Edison, although a utility regulated by the state, is not a state actor for Section 1983 purposes. *See Jackson v. Metro. Edison*, 419 U.S. 345, 349 (1974) (a state regulated utility with a governmentally protected monopoly is not considered a state actor absent a showing of "a sufficiently close nexus between the State and the challenged action of the regulated entity to say that the action of the utility may be fairly treated as that of the state itself."); *Taylor v. Consol. Edison Co.*, 553 F.3d 39, 45 (2d Cir. 1977) (holding Con Edison not a state actor despite "extensive intervention" by New York State in the area of utility termination); *Austin v. Consol. Edison Co.*, 788 F. Supp. 192, 196 (S.D.N.Y. 1992) ("Con Edison is not a government agency and is not itself subject to the constitutional restrictions plaintiffs would impose absent some suggestion . . . of joint action with government officials."). Because Plaintiff alleges no facts suggesting joint action between the government and Con Edison, Plaintiff cannot bring a Section 1983 claim against that defendant. Nor do her allegations suggest any other

2

viable claim arising under federal law. Accordingly, the Court lacks federal question jurisdiction of this action, which leaves it as a dispute between New York citizens over a contract matter.

Plaintiff also attempts to assert claims under the Uniform Commercial Code and claims for breach of contract. Those claims arise under state law. Plaintiff, however, does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of her state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that both she and Defendant are citizens of the State of New York, precluding complete diversity of citizenship. Moreover, Plaintiff seeks only $4,444.00 in damages, far below the $75,000 jurisdiction threshold.

Accordingly, the Court denies Plaintiff's request for an order to show cause. (ECF 3.) The Court will address Plaintiff's complaint in due course.

## CONCLUSION

The Court denies Plaintiff's request for an order to show cause. (ECF 3.)

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                                                            *Louis L. Stanton*
                                                                               Louis L. Stanton
                                                                                    U.S.D.J.