UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHERYL-ANN THOMAS/SMITH,

                Plaintiff,

-against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK INC.,

                Defendant.

25-CV-3687 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendant Consolidated Edison, Inc. ("Con Edison") violated her federal constitutional rights and her rights under state law when it turned off her power due to non-payment. By order dated May 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. By order dated May 14, 2025, the Court denied Plaintiff's request for preliminary injunctive relief.[1] (ECF 10.) The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] The Court initially denied Plaintiff preliminary relief because it appeared that the Court lacked subject matter jurisdiction of her claims. Because the Court has now decided Plaintiff's claims on the merits, it dismisses them for failure to state a claim on which relief may be granted. See *Kampfer v. Fadale*, No. 24-2457, 2025 WL 1466346, at *1 (2d Cir. May 22, 2025) (summary order) ("If . . . Defendants have not acted under color of state law, that calls for a judgment on the merits and not for a dismissal for want of jurisdiction." (internal quotation marks and citation omitted)). Under either analysis, Plaintiff was not entitled to preliminary injunctive relief

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff invokes the court's federal question jurisdiction, and asserts that Defendant violated her federal constitutional rights and her rights under state law when it turned off her

power. The following facts are drawn from the complaint.[2] Plaintiff alleges that she "tendered payment to Con Edison with supporting documentation via registered mail, including affidavit of status and declaration of standing under commercial law." (ECF 1, at 5.) On March 8, 2025, she filed a lien, which she refers to as a "UCC financing statement," against Defendant. (*Id.*) While the lien "was not included with the original tender, it was preceded by [Plaintiff's] UCC-1 and administrative notices, including 15 registered mailings to Con Edison." (*Id.*) Con Edison "failed to respond or acknowledge [Plaintiff's] process" and disconnected her service on April 30, 2025. (*Id.*)

Plaintiff requests "immediate restoration" of her power, "recognition of [her] lawful tender," and $4,444.00 in damages. (*Id.* at 6.)

## DISCUSSION

**A.   Federal claims**

Federal constitutional claims arise under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendant Con Edison, although a utility regulated by the state, is not a state actor for Section 1983 purposes. *See Jackson v. Metro. Edison*, 419 U.S. 345, 349 (1974) (holding that a

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

state regulated utility with a governmentally protected monopoly is not considered a state actor absent a showing of "a sufficiently close nexus between the State and the challenged action of the regulated entity to say that the action of the utility may be fairly treated as that of the state itself."); *Taylor v. Consol. Edison Co.*, 553 F.3d 39, 45 (2d Cir. 1977) (holding Con Edison not a state actor despite "extensive intervention" by New York State in the area of utility termination); *Austin v. Consol. Edison Co.*, 788 F. Supp. 192, 196 (S.D.N.Y. 1992) ("Con Edison is not a government agency and is not itself subject to the constitutional restrictions plaintiffs would impose absent some suggestion . . . of joint action with government officials."). Because Plaintiff alleges no facts suggesting joint action between the government and Con Edison, Plaintiff does not state a Section 1983 claim against that defendant. The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under state law**

Plaintiff's also asserts claims for breach of contract and claims under the Uniform Commercial Code ("UCC"). Those claims arise under state law. To bring a state law claim in federal court, a plaintiff must either allege facts demonstrating that the court has diversity of citizenship jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise supplemental jurisdiction of the state law claims.

**1.     Diversity of citizenship jurisdiction**

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). Here, Plaintiff alleges that both she and Defendant are citizens of the State of New York, precluding complete diversity of citizenship. Moreover, Plaintiff seeks only $4,444.00 in damages, far below the $75,000 jurisdiction threshold. The Court therefore lacks diversity jurisdiction to consider Plaintiff's state law claims.

### 2. Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### C. Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's allegations provide no indication that the defects in her complaint can be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   August 26, 2025
           New York, New York

                                                               *Louis L. Stanton*
                                                                 Louis L. Stanton
                                                                      U.S.D.J.